IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| PAULO LOSOLLA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 311-098 |
| | ) (Formerly CR 308-011) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Paolo Losolla, an inmate at the Federal Prison Camp in Atlanta, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss Petitioner's § 2255 motion. (Doc. no. 4.) Petitioner opposes the motion to dismiss. (Doc. no. 5.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that the instant § 2255 motion be **DISMISSED** without an evidentiary hearing, and that this civil action be **CLOSED**.

### I. BACKGROUND

In October of 2008, a federal grand jury indicted Petitioner on a single count of conspiracy to possess with intent to distribute, and to distribute, 50 grams or more or methamphetamine or 500 grams or more of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. United States v. Losolla, CR 308-011,

doc. no. 1 (S.D. Ga. Oct. 9, 2008) (hereinafter "CR 308-011"). Pursuant to a written plea agreement, Petitioner pled guilty to a lesser included offense of the charge against him: conspiracy to possess with intent to distribute a quantity of methamphetamine. Id., doc. nos. 47, 48. Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court . . . .

Id., doc. no. 47, p. 8. In addition, by signing the plea agreement, Petitioner attested that he had read and understood the plea agreement, and that the plea agreement accurately set forth the terms and conditions of his agreement with the government. Id. at 12.

The Honorable Dudley H. Bowen, Jr., United States District Judge, held a guilty plea hearing on June 10, 2010. During that hearing, Petitioner testified under oath that he had read the plea agreement and that his attorney had gone over the plea agreement with him before he signed it. Id., doc. no. 111, p. 7. In addition, Judge Bowen summarized the terms of the plea agreement, specifically addressing the appeal and collateral attack waiver as follows:

> [Y]ou have agreed that you are going to waive any right to any appeal with respect to the sentence imposed in this case. But that is a conditional waiver. You are waiving and giving up any right to challenge the fact of conviction by habeas corpus application. Further, if there is some circumstance in which

2

> I go above the guideline range or above the statutory range, you would get your right to appeal back, but not your habeas corpus right.

Id. at 11. Petitioner affirmed that he understood this explanation of the plea agreement, including the appeal and collateral attack waiver. Id. at 12.

Judge Bowen also explained at the plea hearing that the maximum penalty for his crime was a term of life imprisonment, along with a fine of not more than $4,000,000.00 and a term of supervised release of at least five years. Id. at 8-9. Furthermore, in response to questions asked by Judge Bowen, Petitioner averred that no one had forced or pressured him to plead guilty and that no one had made him any promise, guarantee, or prophesy that he would receive a particular sentence. Id. at 14. Following a government witness's presentation of a factual basis for the guilty plea, Judge Bowen asked Petitioner if he still wanted to plead guilty in a manner consistent with his plea agreement, to which Petitioner responded, "Yes, sir, your Honor." Id. at 20.

After the guilty plea hearing, the United States Probation Office prepared a presentence investigation report ("PSI"), to which neither party objected. During Petitioner's sentencing hearing, which was held on September 28, 2010, Judge Bowen found, consistent with the PSI, that Petitioner had a total offense level of 25 and a criminal history category of I, which yielded an advisory Sentencing Guidelines range of 51 to 71 months of imprisonment. Id., doc. no. 110, pp. 4-5. Judge Bowen sentenced Petitioner to a 60-month term of imprisonment.[1] Id., doc. no. 51. Consistent with his plea agreement, Petitioner did not appeal.

---

[1] Of note, on April 13, 2012, Judge Bowen granted a motion for sentence reduction filed by the government and reduced Petitioner's sentence to 48 months. (Doc. no. 146.)

3

Petitioner then proceeded file the instant § 2255 motion, which is dated September 26, 2011, and was filed by the Clerk of Court on October 26, 2011. (Doc. no. 1, p. 13.) Petitioner asserts a single claim: that his trial counsel provided ineffective assistance at sentencing by failing to seek a safety-valve adjustment pursuant to U.S.S.G. § 5C1.2.[2] (Id. at 4, 14-16.) Respondent contends that Petitioner's § 2255 motion should be dismissed because his claim is barred by the collateral attack waiver set forth in his plea agreement. (See doc. no. 4.) The Court resolves the matter as follows.

## II. DISCUSSION

### A. No Need For Evidentiary Hearing

Petitioner appears to request an evidentiary hearing in his § 2255 motion. (Doc. no. 1, p. 16.) With regard to that request, the Eleventh Circuit follows the general rule "that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those

---

[2]U.S.S.G. § 5C1.2 provides that, for certain specified drug offenses, the sentencing court "shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) . . . ."

4

>   which are based upon unsupported generalizations. Nor is a hearing required
>   where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998) (citation omitted).

As described in detail below, the Court finds that Petitioner's § 2255 claim is barred from review. Thus, no evidentiary hearing is necessary in this case. Accordingly, Petitioner's apparent request for an evidentiary hearing should be denied.

### B. Petitioner's § 2255 Claim Is Barred by the Collateral Attack Waiver in His Plea Agreement

It is well settled that a waiver of the right to collaterally attack a sentence is only enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993).[3] "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden in the instant case, then Petitioner's claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

---

[3] Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. See Bushert, 997 F.2d at 1345; see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-67 (N.D. Ga. 2004).

5

Here, Respondent has met its burden in demonstrating the existence of a valid collateral attack waiver. The plea agreement signed and verified by Petitioner explicitly set forth that he was voluntarily waiving his right to collaterally attack his sentence "in any post-conviction proceeding, including a § 2255 proceeding." CR 308-011, doc. no. 47, p. 8. Moreover, Judge Bowen thoroughly reviewed the terms of the plea agreement during the plea colloquy, with particular emphasis on the significance of the appeal and collateral attack waiver provision. Id., doc. no. 111, p. 11-12. After Judge Bowen concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed with the terms of the plea agreement as explained by Judge Bowen. Id.

The record before the Court therefore demonstrates that the collateral attack waiver was knowing and voluntary. While Petitioner would have the Court ignore his responses to Judge Bown's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, the Court concludes that the collateral attack waiver is valid and that Petitioner's claim is barred by the waiver.

In making this determination, the Court is aware that Petitioner's § 2255 claim involves an assertion of ineffective assistance of trial counsel. "An ineffective assistance of counsel argument survives a waiver of appeal [or collateral attack] only when the claimed assistance directly affected the validity of that waiver or the plea itself." Williams v. United States, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002)). Here, as in Williams, Petitioner's assertion of ineffective

assistance of counsel pertains to his counsel's representation at sentencing. Therefore, Petitioner's ineffective assistance of counsel claim "[does] not concern representation relating to the validity of the plea or waiver." See id. As a result, Petitioner's § 2255 claim is barred by the collateral attack waiver in his plea agreement, and Respondent's motion to dismiss the instant § 2255 motion in its entirety should be granted.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** (doc. no. 4), that the instant § 2255 motion be **DISMISSED** without an evidentiary hearing, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 31st day of May, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE